## SUPREME COURT.

THE PEOPLE *ex rel.* THE PANAMA RAILROAD COMPANY agt. THE COMMISSIONERS OF TAXES OF THE CITY AND COUNTY OF NEW YORK AND THE BOARD OF ALDERMEN OF THE CITY OF NEW YORK.

*Corporations — Taxation of capital stock — How to be assessed.*

The capital stock of a corporation is properly assessed at its actual and not its par value.

*Special Term, February,* 1883.

The People *ex rel.* Panama R. R. Co. agt. Commissioners of Taxes.

WRITS of *certiorari* have been allowed in this case to review the action of the tax commissioners upon an assessment made by them upon the personal estate of the relator for the year 1882.

The par value of its stock (as shown by the return to the writs) was $7,000,000. The commissioners took its actual value — $14,280,000 — as the basis of their assessment, and made the following tabular statement as the result of their action:

| | |
|---|---:|
| Capital stock of the relator................ | $7, 000, 000 |
| Value of capital stock, fixed by us after full and careful examination at 204................ | 14, 280, 000 |
| Deduct ten per cent of capital stock......... | 700, 000 |
| | $13, 580,000 |
| Deduct amount paid for real estate........... | 8,922, 870 |
| Amount of assessment...................... | $4, 657, 130 |

The relator contends that its stock cannot be legally assessed beyond its par value; that the amount invested by it in real estate ($8,922,870) must first be deducted from such par value, and consequently, that after the exemptions allowed by the statute, it owns no personal property which is the subject of taxation within the city and county of New York.

No traverse has been made to the return, and the question presented for adjudication is the validity of the action taken by the commissioners in making the assessment set forth in their return to the writ.

*W. D. Shipman*, for relator.

*Geo. P. Andrews* and *James C. Carter*, for respondents.

LARREMORE, *J.*— It must be assumed, upon the papers submitted, that the stock in question was at a premium of 104 when the assessment was made. Its then actual value was

$204 per share, and upon such valuation it was properly assessed in pursuance of section 3, chapter 456, Laws of 1857 (*Oswego Starch Factory* agt. *Dolloway*, 21 *N. Y.*, 455; *The People* agt. *Dolan*, 36 *N. Y.*, 62; *Same* agt. *Ferguson*, 38 *N. Y.*, 91; *Same* agt. *McLean*, 80 *N. Y.*, 254; *The People* agt. *Broadway and Seventh Avenue R. R. Co.*, 1 *Thomp. & Cook*, 635).

There is nothing in *The People* agt. *Board of Assessors of the City of Brooklyn* (39 *N. Y.*, 81) to disturb this doctrine, for in that case the question of appreciation in the value of the stock was not involved. The motion to quash the writs should be allowed, without prejudice to an application on the part of the relator to show what proportion of the actual value of its capital is invested in real estate.